IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PERRY L. BURNETT, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>REGINALD MICHAELS, et al.,<br><br>Defendants. | CV 19-00047-H-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Defendants' Motions for Summary Judgment (Docs. 36, 40) and Plaintiff Perry Burnett's Motion for Leave to File Response Brief (Doc. 43) and Motion to Dismiss in it's Entirety (Doc. 44.)

Defendants do not oppose Mr. Burnett's Motion to Dismiss but asks that the dismissal be with prejudice.  Because Defendants have filed motions for summary judgment, Mr. Burnett's motion is controlled by Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.*  "Unless the order states otherwise," as the Rule states, "a dismissal under this paragraph (2) is without prejudice."  *Id.*  Thus, the Court must determine (1) whether to dismiss, and if so, (2) whether to do so with or without prejudice and on what terms.

**A. All Parties Agree Dismissal Is Appropriate.**

Whether to dismiss under Rule 41(a)(2) is committed to the trial court's sound discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A court should grant a Rule 41(a)(2) motion for voluntary dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result [of dismissal]." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added).

Here, Defendants do not oppose dismissal of the action provided that the dismissal is with prejudice. Because all parties agree dismissal is appropriate, the motion to dismiss should be granted.

**B. Dismissal Without Prejudice Is Appropriate.**

"Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (quotations omitted). Such a "broad grant of discretion does not contain a preference for one kind of dismissal or another." *Id.* Although "Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice[,] ... this default position applies to the interpretation of a silent order, not to the district court's discretionary decision in the first instance." *Id.*; *see Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) (construing

Rule 41(b)'s similar text as "nothing more than a default rule for determining the import of a dismissal").

Mr. Burnett does not indicate whether his request for dismissal should be with or without prejudice.  Defendants rely on a California district court case which provides that the following three factors should be considered in deciding whether a Rule 41(a)(2) motion should be granted with or without prejudice: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (*quoting Burnette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D .Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995)).

Defendants assert that they have expended considerable effort and expense into their defense including written discovery, a deposition of Mr. Burnett amongst the COVID-19 pandemic, and the filing multiple motions for summary judgment. They contend Mr. Burnett waited over a year after filing his complaint and after filing his response to Defendants' motion for summary judgment to file his motion to dismiss.  They argue Mr. Burnett's filings indicate he has not diligently considered the law or the facts and circumstances of his claims.  Finally, they argue that Mr. Burnett failed to articulate any reason why the case should be

dismissed without prejudice.  (Doc. 45.)

The Court finds dismissal without prejudice more appropriate.  First, Defendants' first arguments in their motions for summary judgment are that Mr. Burnett's claims should be dismissed for failure to exhaust administrative remedies which, if granted, would be a dismissal without prejudice.  *City of Oakland, Cal. V. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009)("failure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice.")

Second, Defendants have not established they will suffer plain legal prejudice if this matter is dismissed without prejudice.  *Smith*, 263 F.3d 975-76. "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"  *Id.* at 976 (*quoting Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Lenches*, 263 F.3d at 976 (*citing Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)).  Moreover, no legal prejudice results just because "the threat of future litigation ... causes uncertainty" or "a dispute remains unresolved."  *Westlands*, 100 F.3d at 96-97.  The mere "inconvenience of defending another lawsuit or the fact that the defendant has already begun trial

preparations [also] does not constitute prejudice." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) (*citing Hamilton*, 679 F.2d at 145).  Defendants have not asserted any counterclaims and they have not indicated that they will suffer legal prejudice if the dismissal is without prejudice.

Third, Defendants do not oppose Plaintiffs' request for voluntary dismissal. (See Resp. at 2.)  Instead of opposing dismissal, Defendants consent to dismissal in an effort to obtain a possible dismissal with prejudice (i.e. an adjudication on the merits).  If Defendants wanted a merits-based adjudication, they should have opposed voluntary dismissal in the first instance.

The Court has yet to rule on the merits of this case.  Absent any manifest harm to Defendants by permitting Mr. Burnett the possibility of refiling, dismissal without prejudice is warranted and in the interests of justice.  *Hargis*, 312 F.3d at 412.  The Court recommends dismissal without prejudice.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Plaintiff Perry Burnett's Motion to Dismiss in its Entirety (Doc. 44) should be GRANTED and this matter should be DISMISSED WITHOUT PREJUDICE.

2.  The Clerk of Court should be directed to terminate all pending motions and close this matter.

3.  At all times during the pendency of this action, Mr. Burnett must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P.  41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this the 8th day of October, 2020.

John Johnston
United States Magistrate Judge

---

[1]Mr. Burnett shall have three (3) additional days after the period would otherwise expire to file his objections.