IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PERRY L. BURNETT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> REGINALD MICHAELS, et al., <br><br> Defendants. | CV 19–47–M–DLC–JTJ <br><br><br> ORDER |

On October 8, 2020, United States Magistrate Judge John Johnston entered his Findings and Recommendations recommending that Plaintiff Perry Burnett, Jr.'s 42 U.S.C. § 1983 civil rights case be dismissed without prejudice under Federal Rule of Civil Procedure 42(a)(2). (Doc. 46.) Defendants object (Doc. 47) and so are entitled to de novo review of those findings to which they specifically object. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

On July 15, 2019, Burnett filed a Complaint from Montana State Prison asserting retaliation, discrimination, deliberate indifference, and a hostile work environment at the MCE Food Factory. (Doc. 2 at 16–17.) After screening his Complaint, Judge Johnston ordered Defendants to answer. (Doc. 4.) On October 4, 2019, Defendants answered the Complaint (Doc. 10) and then on August 20, 2020, Defendants moved for summary judgment (Docs. 36, 40). On September 9, 2020, Burnett moved to dismiss the Complaint. (Doc. 44.) His motion stated that he "knowingly, voluntarily and of his own free will, constructs this petition and abandons any and all previously stated claims relating to the above case number." (*Id.* at 1.) Judge Johnston construed the motion as unobjected and determined, under Federal Rule of Civil Procedure 41(a)(2), that dismissal without prejudice was appropriate. (Doc. 46.)

Defendants now object, asserting that Judge Johnston erred in construing their position on Burnett's motion as unopposed. (Doc. 47 at 8.) Defendants clarify that although they do not oppose the motion to the extent the Court intends to dismiss the case with prejudice, they do oppose a dismissal without prejudice because of their pending summary judgment motions. (*Id.*) They also assert that the Magistrate erred in concluding that any dismissal for failure to exhaust would result in a dismissal without prejudice. (*Id.* at 5.)

Although the Court agrees with Defendants that Judge Johnston erroneously construed their position on the issue of prejudice (*compare* Doc. 45 at 1 *with* Doc. 46 at 5), that does not change the correctness of his analysis under Rule 41(a)(2). After a plaintiff seeks a voluntary dismissal, Rule 41 governs regardless of whether the other side opposes the motion. *See Catalyst Assets LLC v. Life Techs. Corp.*, No. C 11-3537 SBA, 2012 WL 2289728, at *1 (N.D. Cal. June 18, 2012). Rule 41(a)(2) provides in pertinent part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The decision to grant a voluntary dismissal is subject to the court's discretion. *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citations omitted).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "'Legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.

1996)). Legal prejudice does not result merely because the defendant has incurred litigation costs, *Westland Water Dist.*, 100 F.3d at 97, nor does it occur simply because the defendant may face a second lawsuit on the same set of facts, *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Judge Johnston determined that Defendants had not demonstrated that, in the absence of dismissal with prejudice, they would suffer any legal prejudice. (Doc. 46 at 4.) Instead, their assertion that they have expended considerable effort and expense in this litigation, is nothing more than the types of complaints the Ninth Circuit has rejected as failing to amount to legal prejudice in the past. *See Westland Water Dist.*, 100 F.3d at 97; *Hamilton*, 679 F.2d at 145. Defendants do not object to any part of this analysis, and so the Court reviews for clear error and finds none. Moreover, Defendants contention that a winning failure-to-exhaust argument under the Prison Litigation Reform Act would result in a dismissal with prejudice is inapposite. The appropriate remedy under summary judgment does not dictate the appropriate remedy under Rule 41 because, in the Ninth Circuit, a pending motion for summary judgment—regardless of its merit—does not suffice to show legal prejudice. *See Egan v. Singer*, No. CIV. 14-00177 SOM/BM, 2014 WL 4230879, at *2 (D. Haw. Aug. 27, 2014). Given Burnett's pro se status, the Court fully agrees with Judge Johnston that most appropriate and cautious outcome

is dismissal without prejudice. If Burnett elects to refile his Complaint, Defendants can simply refile their motion. Accordingly,

IT IS ORDERED that the Findings and Recommendations (Doc. 46) are ADOPTED in part and MODIFIED in part. They are modified to recognize Defendants oppose Burnett's Motion (Doc. 44) and are otherwise adopted as follows:

1. Burnett's Motion to Dismiss in its Entirety (Doc. 44) is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is directed to terminate all pending motions and close this matter.

DATED this 9th day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court